IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL MCGOVERN : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 07-3817 |
| CITY OF PHILADELPHIA : | |

**Diamond, J.**                                                                                          **January 30, 2008**

**M E M O R A N D U M**

Plaintiff, Paul McGovern, alleges that his former employer, Defendant City of Philadelphia, discriminated against him because he is Caucasian.  42 U.S.C. §1981.  I will grant the City's Motion to Dismiss.

**I.     Legal Standard**

In deciding a motion to dismiss, I must accept as true the factual allegations in the complaint.  Fed. R. Civ. P. 12(b)(6).  See Erickson v. Pardus, ___ U.S. ___, 127 S.Ct. 2197, 2200 (2007); In re Rockefeller Ctr. Props, Inc., 311 F.3d 198, 215 (3d Cir. 2002).  "The inquiry is not whether plaintiffs will ultimately prevail on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims."  Rockefeller Ctr., 311 F.3d at 215.  Plaintiff must allege facts sufficiently detailed to "raise a right to relief above the speculative level," and must "state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65, 1974 (2007); see also Charles v. Lawyers Title Ins. Corp., 2007 WL 1959253 (D.N.J. July 3, 2007) (applying Twombly standard to Rule 12(c) motion); Hogue v. Palisades Collection, LLC, 2007 WL 1892938, at *2 (S.D. Iowa July 3, 2007) (Twombly standard applies to all cases, not just antitrust actions); Osakwe v. Dept. of Homeland Sec., 2007 WL 1886249, at *3 n.2 (S.D. Tex. June 29, 2007) (same).

## II. Background

The Philadelphia Fire Department hired Plaintiff as an Administrative Support Specialist on July 18, 1994, and promoted him to the position of Network Administrator in September, 2001. (Compl. ¶¶ 8,9.) The City terminated him from its employ on December 21, 2004. (Compl. ¶¶ 8.)

On September 25, 2003, Plaintiff filed a Title VII race discrimination claim with the EEOC. 42 U.S.C. § 2000e et seq. (Compl. ¶ 10.) In September, 2004, Plaintiff received a Right to Sue Letter, giving him 90 days in which to file suit in federal court. (Compl. ¶¶ 11, 12.) Plaintiff did not further pursue the Title VII claim.

On September 13, 2007, Plaintiff filed the instant Complaint, alleging that the City discriminated against him based on his race in violation of 42 U.S.C. §1981. (Doc. No. 1.) In November of last year, the City moved to dismiss and Plaintiff responded. (Doc. Nos. 5, 6.) On January 4, 2008, I heard oral argument on the City's Motion. (Doc. No. 9.)

## III. Discussion

Plaintiff has not brought a claim pursuant to Title VII or 42 U.S.C. § 1983 because – as he has conceded – those potential claims are time-barred. (Or. Arg. Tr. at 10.) See Burgh v. Borough Council or Burough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001) (a plaintiff must file a Title VII suit within 90 days of receiving the Right to Sue Letter); Petaccio v. Davis, 76 Fed. Appx. 442, 444 (3d Cir. 2003) (two-year statute of limitations applies to § 1983 actions). Rather, Plaintiff proceeds exclusively under § 1981, which has no administrative exhaustion requirement. See Wright v. Phila. Gas Works, 2001 WL 1169108, *6 (E.D.Pa. 2001). The statute provides as follows:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. §1981.

Section 1983 (unlike § 1981) includes a provision expressly creating a remedy against state actors who violate the statute's protections:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, **shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress** . . .

42 U.S.C § 1983 (emphasis added).

Because § 1981 includes no such remedial provision, in 1989 the Supreme Court recognized an implied remedial provision respecting private – but not state – action:

> We think the history of the 1866 Act and the 1871 Act recounted above indicates that Congress intended that the explicit remedial provisions of § 1983 be controlling in the context of damages actions brought against state actors alleging violation of the rights declared in § 1981. That we have read § 1 of the 1866 Act to reach private action and have implied a damages remedy to effectuate the declaration of rights contained in that provision does not authorize us to do so in the context of the "state action" portion of § 1981, where Congress has established its own remedial scheme.

Jett v. Dallas Ind. Sch. Dist., 491 U.S. 701, 731-32 (1989).

In 1991 (after Jett), Congress amended § 1981, adding subsection (c), which states: "[t]he rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. §1981(c). Plaintiff argues that this amendment allows § 1981 claims against state actors; the City contends that Jett remains

3

good law.

In a 2003 non-precedential opinion, a panel of the Third Circuit stated:

> The Court has ruled "that the express action at law provided by § 1983 for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor."

Oaks v. Phila., 59 Fed. Appx 502, 503 (3d Cir. 2003) (quoting Jett, 491 U.S. at 735). Although Oaks did not squarely address the question of whether the 1991 amendment to § 1981 allows claims against state actors, it certainly indicates the panel's belief that Jett remains good law. That view is in accord with the great majority of Circuits that have addressed the issue. See Bolden v. City of Topeka, 441 F.3d 1129, 1137 (10th Cir. 2006) (amendment to § 1981 does not provide a right of action against state actors); Butts v. County of Volusia, 222 F.3d 891, 894 (11th Cir. 2000) (same); Oden v. Oktibbeha County, 246 F.3d 458, 463-64 ( 5th Cir. 2001) (same); Dennis v. County of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995) (same). The Ninth Circuit alone has concluded that the § 1981 amendment overrules Jett and provides a right of action against state actors. Federation of African American Contractors v. City of Oakland, 96 F.3d 1204 (9th Cir. 1996). No other Court of Appeals has followed the Ninth Circuit. Moreover, since the decision in Oaks, the Eastern District has uniformly held that Jett remains good law, and that discrimination claims may not be pursued against state actors under § 1981. See Gibson v. City of Philadelphia, 2007 WL 1521213, *2 (E.D. Pa. 2007); Fortes v. Boyerstown Area Sch. Dist., 2006 WL 3043108, *9 (E.D. Pa. 2006); Roadcloud v. Penn. Bd. Or Probation and Parole, 2006 WL 83453, *3 (E.D. Pa 2006); Russ-Tobias v. Penn. Bd. Or Probation and Parole, 2006 WL 516771, *5 (E.D. Pa 2006); Foxworth v. Penn. State Police, 2005 WL 840374, *6 (E.D. Pa. 2005); Valentin v. Philadelphia Gas Works, 2004 WL 690805, *7 (E.D. Pa. 2004); Jacobs v. City

of Philadelphia, 2004 WL 241507, *4 (E.D. Pa. 2004); Carlton v. City of Philadelphia, 2004 WL 633279, *5 (E.D. Pa. 2004).

I agree that § 1983 alone provides a remedy against state actors who have committed constitutional wrongs. As the Fifth Circuit observed, the 1991 amendment to § 1981 did not change this:

> The addition of subsection (c) [to § 1981] creates no more of a need for the judiciary to imply a cause of action under § 1981 against state actors than existed when the Supreme Court decided Jett.

Oden, 246 F.3d at 463.

It is especially significant that in its post-Jett amendment to § 1981, Congress chose not to add an explicit remedial provision similar to that in § 1983. If, as Plaintiff contends, Congress intended to "repeal" Jett, surely it would have included such a provision in its post-Jett amendment. For me to find such a provision "implicit" in the 1991 amendment after Congress refused to include it would certainly contravene Congress' intent. See Merill Lynch, Pierce, Fenner & Smith, Inc. v. Curran, 456 U.S. 353, 382 n. 66 (1982) (Congress is presumed to be aware of judicial interpretation of a statute); Osborn v. Am. Ass'n of Ret. Pers., 660 F.2d 740, 745 (9th Cir. 1981) ("implying a private right of action on the basis of congressional silence is a hazardous enterprise at best") (quoting Touche Ross & Co. v. Redington, 442 U.S. 560, 571 (1978)).

My conclusion is underscored by Plaintiff's contentions regarding the applicability of Monell v. Dep't of Social Servs. to the instant case. 436 U.S. 658 (1978). Under Monell, a § 1983 plaintiff alleging that a municipality violated his or her constitutional rights is obligated to show that the alleged injury was caused by an official "policy or custom." Id. at 694. Thus,

the plaintiff may not rely on a *respondeat superior* theory of liability alone. Id. Plaintiff contends that because Monell applies only to § 1983 claims, it does not apply to the instant case. (Or. Arg. Tr. at 7.) Thus, in Plaintiff's view, because he has proceeded under § 1981 alone, he can prevail against the City on a theory of *repondeat superior*, and need not meet the Monell custom and policy causation requirements. If Plaintiff is correct, it would effectively overturn Monell, whose requirements could be evaded simply by proceeding under § 1981 rather than § 1983. It is highly implausible that Congress would "repeal" both Jett and Monell without an explicit statement to this effect.

**IV.    Conclusion**

Because § 1981 does not provide a cause of action against state actors, Defendant's Motion to Dismiss is granted. An appropriate Order follows.

BY THE COURT.

*/s Paul S. Diamond*
_____
Paul S. Diamond, J.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PAUL MCGOVERN** : | |
| : | CIVIL ACTION |
| v.   : | |
| : | NO. 07-3817 |
| **CITY OF PHILADELPHIA** : | |

**O R D E R**

AND NOW, this 30th day of January, 2008, upon consideration of Defendant's Motion to Dismiss (Doc. No. 5) and Plaintiff's Response (Doc. No. 6), it is ORDERED that Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's Complaint is **DISMISSED with prejudice**.

The Clerk shall close this case for statistical purposes.

IT IS SO ORDERED.

*/s Paul S. Diamond*
_____
Paul S. Diamond, J.